Caruthers, J.,
delivered the opinion of the Court.
The parties in this case, except defendant Williams, *142 are creditors of Williams, who has failed and absconded. The contest is for priority of satisfaction out of certain real estate owned by him near the city of Knoxville. They all claim under mortgages and deeds of trust, except Buggies, who had a judgment at law, and filed the original bill, to reach the land contained in the deeds. He has heretofore obtained relief, and no further question is jnade as to him. But the contest is between Moffitt and Neuffer and Bronson, under their respective mortgages. The Chancellor decided in favor of Moffitt, and Neuffer and Bronson appealed. This is the only question now before us.
The deed to Moffitt was made and dated 1st of August, 1854, acknowledged before the clerk on the 3d of same month, and noted for registration 19th of June, 1855, and registered August the 30th, 1855.
The mortgage to Neuffer is dated 29th of June, 1855, acknowledged - on the same day, and registered July the 7th, 1855.
By the registry act of 1832, deeds take effect only from their registration, but the act of 1841, ch. 12, sec. 2, gives the same efficacy to a notation for registration. Other questions out of the way, then, there can be no doubt but that Moffitt occupies the vantage ground in this contest.
But his deed is absolute, when it was only intended to be a mortgage, as he admits, to secure certain debts and liabilities. This not appearing in the deed, nor any defeasance to that effect registered, or in fact existing, except in parol, it is insisted that the deed is fraudulent in law, and inoperative as to creditors and subsequent purchasers, or incumbrancers. This position would *143 seem to be sustained by the North Carolina cases of Gregory v. Perkins, 4 Dev., 50, Halcombe v. Ray, 1 Iredell, 342, and other cases, as well as other authorities relied upon in argument.
These cases go upon the ground, that inasmuch as the registry acts only give effect to mortgages from their registration, the registration of an absolute deed is no compliance; that when it appears by parol that the registered deed was, in fact, only intended as a mortgage, then the real transaction, the mortgage, is not. registered, and must be postponed in favor of intervening incumbrancers, purchasers, or creditors.
There is certainly much plausibility, not to say strong reason, in this position. The high character of the Courts from which the authority comes, challenges due consideration and high respect, and deference. And we need not say to what extent we would be disposed to yield to the imposing authority of the cases presented, if we .regarded the question as an open one in our jurisprudence. We are not, however, aware to what extent the peculiar statutes of the States where that doctrine, has been established, on the subject of registration, may have influenced their d.ecisions.
But if it has ever been controverted in this State that an absolute deed, duly registered, might be maintained as a mortgage, it has never come to our knowledge. Such has certainly been the uniform holding of our Courts. To change it now would shake the rights 'of property, and lead to great mischief and confusion.The great object of the registration laws is to give notice of the position and change of titles to property, as well as all incumbrances upon it. This is necessary for *144 the protection of purchasers, and the information of creditors. Is not this object as well accomplished by the registration of a deed in fee, when the real transaction is only a mortgage, as if it had been in the form of the latter? Certainly a subsequent purchaser cannot object because he has notice that the whole estate has passed, instead of the imposition of an in-cumbrance upon it. So, one about to deal with the former owner, has a stronger warning against extending credit. True, it may be well argued, that existing creditors may be deterred from seeking their debts against the equity of redemption of their debtors, by the false form in which the transaction is presented in the deed. Yet, they have it in their power, at any time, to probe the parties and find out the truth. It is not often that the concealment is so perfect as to avoid suspicion and escape detection. It may be a circumstance to excite suspicion, that where the object is only to secure debts, a deed, instead of a mortgage or deed of trust, is made and spread upon the records; yet it is not always done in bad faith. The course of our adjudications has been to hold all these securities good, so far as they are for an honest purpose, but no further. Upon this policy, we have held that a deed of trust, or mortgage to secure some debts that are fictitious, and others, real and bona fide, shall be a valid security for the latter, though fraudulent as to the former. So in this case, though the paper is not good to carry the absolute estate, yet it is valid as an incumbrance to the extent of the debts secured. The greater includes the less estate. It is enough for a subsequent incum-brancer, that the title registered against him is reduced *145 in bis favor, and lie has tbe same advantage as if tbe actual transaction were in tbe writing.
Now if tbe vendee in sucb a case were to sell tbe fee, or tbe same be sold upon execution against bim, neither tbe vendor nor bis creditors could set up tbe parol defeasance. But that question does not arise here; yet it shows tbe hazard to which the owner has- exposed bis property, and should deter him. from conveying more than be intends.
Some argument is made against Moffitt’s deed, upon tbe ground of tbe non-existence of debts and liabilities, it is alleged it was designed to secure. An account and report was ordered to ascertain that matter, and bow it may turn out upon investigation, we cannot now tell. We have not that aspect of tbe case before us; it may bring up very different questions and 'entirely change-tbe result.
We decide nothing more now, than that, all other-things being right, a party is not deprived of tbe bene-, fit of bis security because tbe instrument registered is in tbe form of a deed absolute, instead of a mortgage;, but that when a parol defeasance is shown, it only has the effect to reduce tbe title to that which was intended-by tbe parties; that is, a security for debts, instead off a sale of tbe property. Let tbe decree be affirmed ancL tbe cause remanded for the account.